CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

February 5, 2020

LETTER TO COUNSEL

RE: *Yolanda F. v. Commissioner, Social Security Administration*
Civil No. DLB-18-3662

Dear Counsel:

Plaintiff Yolanda F. has filed a motion seeking payment of $9,734.47 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF 19. In response, the Commissioner argues that the number of hours billed by Plaintiff's attorney, Karl E. Osterhout, is unreasonable. ECF 20. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not challenge Plaintiff's right to a reasonable fee as the prevailing party in this case. ECF 20. The Commissioner argues that Plaintiff's request for payment of 48.1 hours of time is excessive. *Id.* at 2-4. Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between

twenty and forty hours. *See, e.g.*, *Faircloth v. Colvin*, 2:13cv156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil Case No. 2:09cv29, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012).

Specifically, the Commissioner argues that Plaintiff has not met her burden of showing exceptional circumstances that would warrant an award well outside of the norm and that Mr. Osterhout's activity log "does not suggest any efficiency" to warrant requesting the maximum hourly rate. ECF 20 at 3-4. Plaintiff contends that "this is not a 'typical' case because representation only began at the appellate level, the record in this case was so extensive, and the ultimate briefing in this matter related to three fact intensive issues (excluding issues which were considered and ultimately not presented)." ECF 19 at 6-7.

First, it is not rare for counsel to meet a Social Security plaintiff for the first time at the appellate level. In fact, Mr. Osterhout explains in Plaintiff's motion that "[his] office has an appellate department exclusively handling nationwide Social Security federal court appeals, [and Plaintiff's] initial contact came about as a result of this lead." ECF 19 at 6. Second, the administrative record in this case was large, but as the Commissioner correctly notes, "large files exist in many cases." ECF 20 at 3. Counsel reported reviewing the file for 26.7 hours. ECF 19-1 at 1. I agree with the Commissioner that this does not suggest efficiency, especially from an experienced claimants' attorney such as Mr. Osterhout. Last, I have reviewed Plaintiff's Motion for Summary Judgment, and I agree with Plaintiff that the three issues presented in her brief, while not novel or complex, were fact-intensive and well-tailored. *See* ECF 14-2.

Therefore, considering the circumstances of this case, Plaintiff's requested fee based on 48.1 hours will be reduced slightly to 42 hours. At the requested hourly rate of $202.38, Plaintiff is entitled to an award of $8,499.96. Despite this reduction in hours, the amount remains well above the heartland of recent EAJA fee awards in similar cases. *See Felisha S. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-393 (awarding $2,344.18 on February 3, 2020); *William W. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-1423 (awarding $2,138.55 on January 28, 2020); *Diana M. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-700 (awarding $2,581.13 on January 28, 2020); *Stuart S. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-3740 (awarding $3,099.00 on January 13, 2020); *Robin N. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-881 (awarding $1,932.92 on December 31, 2019). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART. An implementing order follows.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge